

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/NMA:AL                                   *271 Cadman Plaza East*
F.#2010R00153                                *Brooklyn, New York 11201*

October 4, 2013

<u>By Hand and ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Anthony Russo
       <u>Criminal Docket No. 11-0030 (KAM)</u>

Dear Judge Matsumoto:

    The government respectfully submits this letter in connection with sentencing in the above-captioned case.  Pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the government moves the Court, in its discretion, to impose a sentence below the applicable United States Sentencing Guidelines (the "Guidelines") range and mandatory minimum sentence because of Anthony Russo's substantial assistance to the government.

    As further discussed below, among other assistance, Russo has provided information crucial to the prosecution of numerous members and associates of the Colombo organized crime family of La Cosa Nostra (the "Colombo crime family" and "LCN," respectively).  Specifically, Russo's anticipated trial testimony in <u>United States v. Andrew Russo</u>, Criminal Docket No. 11-0030 (KAM), strongly contributed to the entry of guilty pleas by almost every defendant.  Russo's cooperation also resulted in the return of a superseding indictment in <u>United States v. Guerra, et al.</u>, Criminal Docket No. 11-0147 (SLT) ("<u>Guerra</u>"), in which Francis "BF" Guerra, a powerful Colombo crime family associate, was charged with racketeering conspiracy, including, among other crimes, the murder of Joseph Scopo as a predicate racketeering act, and related crimes, and in which additional crimes were alleged against Colombo crime family captain Theodore "Teddy Boy"

Honorable Kiyo A. Matsumoto
October 4, 2013
Page 2

Persico, Jr., and powerful Colombo crime family associate Michael Persico, including, among other crimes, the Scopo murder as a predicate racketeering act. Russo's anticipated testimony contributed to the entry of guilty pleas by Persico, Jr., and Persico, before trial was scheduled to commence and the conviction of Guerra.

I.      Offense Conduct

        Russo was arrested by special agents of the Federal Bureau of Investigation ("FBI") on January 20, 2011, for racketeering conspiracy, including murder as a predicate racketeering act, and related racketeering offenses. (See Docket Entry Nos. 1 (Indictment) and 32 (arraignment); Presentence Investigation Report ("PSR") ¶ 98). Immediately upon his arrest, Russo indicated his interest in cooperating with law enforcement. On February 1, 2011, Russo participated in the first of numerous meetings with the government, at which he detailed his and others' participation in crimes in connection with the Colombo crime family over more than two decades.

        On May 6, 2011, Russo pleaded guilty to Count One of the above-captioned indictment, charging a violation of 18 U.S.C. § 1962(d) (including admissions to Racketeering Acts One, Two, Twenty-Four, Thirty-Four and Thirty-Nine), and Count Fifty-Nine of the above-captioned indictment, charging a violation of 18 U.S.C. § 924(c). (PSR ¶ 1). His guilty plea was entered pursuant to a cooperation agreement. As a result of his guilty plea, Russo faces a mandatory minimum term of incarceration of five years, and his applicable Guidelines sentencing range is 262 to 327 months' imprisonment. (Id. ¶ 337).

II.     Criminal History

        During his cooperation, through debriefing sessions, Russo has detailed his criminal history for the government, which includes numerous crimes for which he was never charged and for which the government had no prior information implicating Russo. Russo also detailed this criminal history during his direct testimony at trial in Guerra, and his criminal past was also the subject of cross examination during that trial. A copy of the portions of the trial transcript in Guerra that include the defendant's testimony is enclosed as Exhibit A.

Honorable Kiyo A. Matsumoto
October 4, 2013
Page 3

      A.     <u>Prior Arrests and Convictions</u>

      On or about December 4, 1986, when Russo was 15 years old, Russo was arrested for criminal possession of a weapon (a loaded firearm) and possession of a controlled substance (Quaaludes), and was subsequently convicted, following a guilty plea, of criminal possession of a weapon and sentenced to five years of probation. (PSR ¶ 293). On June 17, 1987, when Russo was 16 years old and while he was serving the five-year term of probation, Russo was arrested for assault and criminal possession of a weapon (a tire iron); following trial, Russo was convicted of assault. (<u>Id.</u> ¶ 295). Russo was sentenced to an indeterminate sentence of four and a-half to nine years' incarceration, ultimately serving 54 months' incarceration. (<u>Id.</u>).

      On January 27, 2000, Russo was arraigned in the Eastern District of New York on an indictment charging him with conspiracy to distribute cocaine between February 1994 and December 1994. (<u>See</u> Docket Entry No. 10, <u>United States v. Russo, et al.</u>, 99 CR 920 (CBA) ("<u>Russo I</u>").) On March 29, 2000, Russo was charged in the Southern District of New York with (1) racketeering in or about and between 1992 and May 2, 1997, including as predicate acts a narcotics conspiracy, an extortion of a drug dealer, an extortion of D.L. Cromwell Investments (a stock brokerage house) and a conspiracy to make extortionate extensions of credit; (2) racketeering conspiracy; (3) a narcotics conspiracy in or about and between January 1992 and December 1996; (4) an attempted extortion of representatives of D.L. Cromwell Investments in or about and between February 1997 and May 2, 1997; and (5) a conspiracy to make extortionate extensions of credit in or about and between 1994 and 1997. (<u>See</u> <u>United States v. Russo, et al.</u>, 00 CR 26 (JSM)("<u>Russo II</u>")). On June 12, 2000, Russo pleaded guilty, pursuant to a plea agreement and in satisfaction of the pending charges in both the United States District Courts for the Eastern and Southern Districts of New York, in the United States District Court for the Southern District of New York to two counts of using a communication facility in committing a narcotics felony, in violation of 21 U.S.C. § 843. (<u>See</u> <u>Russo II</u>). On September 19, 2000, Russo was sentenced to 96 months, the statutory maximum for the two charges to which he pleaded guilty. (<u>Id.</u>). Russo was released on June 27, 2007 to a halfway house, and completed a one-year term of supervised released in or about December 2008.

Honorable Kiyo A. Matsumoto
October 4, 2013
Page 4

      B.      <u>Crimes Disclosed by Russo</u>

          As noted above, Russo has engaged in numerous other crimes which he disclosed during numerous debriefing sessions with the government.  Most significantly, immediately upon meeting with the government, Russo admitted his participation in the murder of Joseph Scopo in October 1993 in connection with the violent war that had erupted between two factions in the Colombo crime family.  At the time of the murder, Russo was a member of the faction loyal to incarcerated Colombo crime family boss Carmine Persico, and Scopo was a member of the faction loyal to then-acting boss Victor Orena.  Russo candidly admitted that he participated in the conspiracy to murder Scopo (as well as other members of the Orena faction) for more than a year and that on October 20, 1993, he and others murdered Scopo.  As detailed in the PSR and in his trial testimony in <u>Guerra</u>, enclosed as Exhibit A, Russo's role was to act as the getaway driver for the two individuals who shot at Scopo.  Other than himself, Russo implicated Theodore "Teddy Boy" Persico, Jr., Michael Persico, Francis "BF" Guerra, John Pappa (who is currently serving a life term of imprisonment following his conviction for, among other crimes, the murder of Scopo), John Sparacino (now deceased), Eric Curcio (now deceased) and Robert Tarantola (who remains at liberty).

          He also detailed many other crimes that he had committed over the course of more than two decades.  Many of these crimes were the subject of the charges in the indictment in the above-captioned case and their details are set forth in the offense conduct in the PSR.  Among other crimes, Russo admitted to participating in several home invasions and thefts in the 1980s; an assault of a transit officer in the 1980s (<u>see</u> Ex. A at 439); a conspiracy to murder Colombo crime family member William Cutolo in or about and between August 1992 and October 1993 (<u>id.</u> at 211-13); the disposal of Colombo crime family associate John Sparacino's body on or about August 15, 1994 (<u>id.</u> at 234-37);[1] a conspiracy to murder Colombo crime family member Jerry Clemenza in or about and between 1994 and 1999 (<u>id.</u> at 252-54); and racketeering and racketeering conspiracy (as

_____

      [1] As detailed in his testimony in <u>Guerra</u>, Russo disclosed that he and Colombo crime family associate John Pappa desecrated Sparacino's body by cutting off his penis and placing it into Sparacino's mouth.  (<u>See</u> Exhibit A at 236-37).

Honorable Kiyo A. Matsumoto
October 4, 2013
Page 5

charged in Count One); narcotics trafficking (including the conduct alleged in Racketeering
Act Twenty-nine of Count One); extortion (including the conduct alleged in Racketeering
Act Twenty-eight, Thirty-four and Thirty-seven of Count One); making extortionate
extensions/collections of credit (including the conduct alleged in Racketeering Acts Twenty-
four and Thirty-eight through Forty-three of Count One); assault; possession and distribution
of stolen property (as alleged in Racketeering Act Two of Count One); a robbery conspiracy
(as alleged in Racketeering Act Thirty-three of Count One); insurance fraud (id. at 338-39);
money laundering; illegal gambling (including the conduct alleged in Racketeering Act
Twenty-seven of Count One); attempted bank burglary (id. at 276-79); witness tampering (id.
at 462-63); tax evasion (id. at 468-59); and using, carrying and possessing a firearm in
connection with a crime of violence on or about and between December 5, 2010 and
December 7, 2010 (as charged in Count Fifty-nine).

III.    Russo's Cooperation

        Russo has provided substantial cooperation in the government's longstanding
and continuing investigation into the Colombo crime family.  The Colombo crime family,
one of the five New York-based LCN families, is a vast and violent criminal enterprise
which has included at times more than 100 inducted members and thousands of criminal
associates.  This enterprise exists to make money through crime, and relies on violence and
threats of violence to do so.  The Colombo crime family has earned millions of dollars from
its diverse and illicit activity.  Members and associates of the Colombo crime family have
perpetrated scores of murders and other acts of violence to secure and protect these illicit
profits.  As further detailed below, Russo has provided information about dozens of
individuals associated with the Colombo crime family, including several members of the
Colombo crime family leadership, involved in a multitude of crimes.  In short, his
information has facilitated law enforcement's efforts to reign in this violent criminal
enterprise.

        As further detailed below, Russo's information has been particularly important
with respect to the conviction of Colombo crime family acting boss Andrew Russo; Colombo
crime family underboss Benjamin Castellazzo; Colombo crime family consigliere Richard
Fusco; Colombo crime family captains Theodore "Teddy Boy" Persico, Jr., Reynold
Maragni, Joseph Carna and Dennis Delucia; Colombo crime family soldiers Daniel Capaldo,

Honorable Kiyo A. Matsumoto
October 4, 2013
Page 6

Emanuele Favuzza, John Maggio, Nicky Rizzo, Joseph Savarese and Ilario "Fat Larry" Sessa; and Colombo crime family associates Roger Califano, Michael Castellano, Giuseppe "Pooch" Destefano, Francis "BF" Guerra, Ali Juseinoski, Joseph "Joe Fish" Marra, Carmine Persico, Michael Persico, Joseph Petillo, Jack "Jack the Whack" Rizzocascio, Frank "Buzz" Senatore, Anthony "Baby Fat Larry" Durso, Angelo Spata, Louis "Louie Ices" Venturelli and Joseph Virzi.

The details of the substantial assistance provided by Russo are set forth below.

A.   United States v. Andrew Russo, et al.
      Criminal Docket No. 11-030 (KAM)

As the Court is aware, on January 20, 2011, 39 members and associates of LCN were arrested in connection with the above-captioned case.  See United States v. Andrew Russo, et al., Criminal Docket No. 11-0030 (KAM).  Of the 39 members and associates arrested, Anthony Russo provided information implicating the following 23 defendants in criminal activity: Colombo crime family acting boss Andrew Russo; Colombo family underboss Benjamin Castellazzo; Colombo family consigliere Richard Fusco; Colombo family captains Theodore "Teddy Boy" Persico, Jr., Reynold Maragni, Joseph Carna and Dennis Delucia; Colombo family soldiers Daniel Capaldo, Emanuele Favuzza, Nicky Rizzo, Ilario "Fat Larry" Sessa, Joseph Savarese and John Maggio; and Colombo family associates Roger Califano, Michael Castellano, Giuseppe "Pooch" Destefano, Ali Juseinoski, Jack "Jack the Whack" Rizzocascio, Frank "Buzz" Senatore, Anthony "Baby Fat Larry" Durso, Angelo Spata, Louis "Louie Ices" Venturelli and Joseph Virzi, each of whom subsequently pleaded guilty.  Had any of these individuals not pleaded guilty, Anthony Russo likely would have testified at trial against them.

Significantly, Anthony Russo disclosed information about a February 2009 Colombo crime family ceremony at which he, Savarese, Capaldo, Favuzza, Maggio and another were inducted; a ceremony scheduled for December 2010, at which several associates, including Guerra and Sessa, were scheduled to be inducted into the Colombo crime family; and a January 2011 ceremony in the Metropolitan Detention Center, at which Sessa was inducted into the Colombo crime family.  In addition, Russo detailed several meetings that he attended in 2010, in his capacity as an acting captain, with the entire

Honorable Kiyo A. Matsumoto
October 4, 2013
Page 7

Colombo crime family administration, including Andrew Russo, Castellazzo and Fusco, as well as several of the Colombo family captains.  Russo's testimony at a trial would have been particularly effective because the detail that he provided was corroborated in large part by a consensual recording of one of those meetings that was made by a confidential source who was not available to testify.

        In addition, Anthony Russo detailed numerous schemes to extort and use extortionate means to collect debts owed by others, several of which schemes included violence that was sanctioned by high-ranking members of the Colombo crime family.  For example, Russo disclosed a scheme to extort an individual identified in the indictment in the above-captioned case as John Doe #14 to prevent him from keeping open a gambling club that Russo and Savarese deemed to be operating in too close proximity to a gambling club of theirs.  As part of the scheme, Russo, Savarese and Destefano assaulted John Doe #14.  The buildup to the scheme and the assault itself were captured on consensual recordings made by other cooperating witnesses who were present.  Russo, however, disclosed that, at the direction of Colombo crime family consigliere Richard Fusco, Colombo family captain Dennis Delucia accompanied Russo to a meeting with a high-ranking member of the Gambino organized crime family of La Cosa Nostra, who was representing John Doe #14, in an attempt to resolve the situation.

        Notably, several of these extortionate schemes were not charged in the indictment in the above-captioned case, and would have formed the basis for additional charges against Russo's co-defendants had any of them proceeded to trial.  For example, Russo explained that in or about 2010, Colombo family underboss Benjamin Castellazzo told Russo that co-defendant Angelo Spata and a Colombo crime family soldier had each lent money at high interest rates to a long-time Colombo family associate who had fallen behind in repaying the loan.  Castellazzo, Russo, Spata and the Colombo crime family soldier then took several steps – which used the implicit threat of violence – to force the Colombo crime family associate to repay the loan.

        Finally, Russo's cooperation likely contributed, in part, to the cooperation of co-defendant Reynold Maragni.  That is, Maragni's awareness that Russo could cooperate against him, in combination with other evidence that the government had accumulated against Maragni, likely contributed to Maragni's decision to cooperate with the government.

Honorable Kiyo A. Matsumoto
October 4, 2013
Page 8

As part of Maragni's cooperation, Maragni recorded numerous members and associates of LCN.  Significantly, on one of those recordings, a Colombo crime family soldier implicated himself and others, including former Colombo crime family street boss Thomas Gioeli and Colombo crime family soldier Dino Saracino, in the disposal of the body of a murder victim in 1999.  That recording was introduced as evidence at the trial of Gioeli and Saracino in Spring 2012.  See United States v. Gioeli, et al., Criminal Docket No. 08-240 (S-6)(BMC).

       B.     United States v. Francis Guerra, et al.
             Criminal Docket No. 10-0147 (SLT)

          Russo's cooperation also was instrumental in the government's case against Colombo crime family captain Theodore "Teddy Boy" Persico, Jr., and powerful Colombo crime family associates Michael Persico and Francis "BF" Guerra.  See United States v. Guerra, et al., Criminal Docket No. 10-0147 (SLT).  Significantly, as noted above, his cooperation resulted in a superseding indictment, returned in August 2011, charging Theodore Persico, Jr., Michael Persico and Guerra with the murder of Joseph Scopo.  Based primarily upon Russo's availability as a testifying witness, both Michael Persico and Theodore Persico, Jr., pleaded guilty before trial.  Guerra was convicted after trial of narcotics conspiracy and wire fraud.

          With regard to Theodore Persico, Jr., Russo was prepared to testify about Persico, Jr.'s position as a captain in the Colombo crime family and his involvement in many crimes on its behalf, including the 1993 murder of Joseph Scopo.  Russo advised that he was "around" Persico, Jr., from the early 1980s, and that Persico, Jr., had proposed Russo for induction into the Colombo crime family, participated in Russo's induction ceremony in 2009 and promoted Russo to acting captain in 2010.  Russo also implicated Persico, Jr., in the 1993 murder of Joseph Scopo, who was at the time involved in challenging the "Persico faction's" control over the Colombo crime family.  As Russo testified at the Guerra trial, in the early 1990s, Persico, Jr., was furloughed briefly from state prison so that could attend his (Persico, Jr.'s) grandmother's funeral, at which time Persico, Jr., met with Russo, Guerra and others and urged them to murder Scopo quickly to end the war that had erupted in the Colombo crime family and cement the "Persico faction's" control over the Colombo crime family.  Aware that Russo was prepared to testify against him, shortly before trial, Persico,

Honorable Kiyo A. Matsumoto
October 4, 2013
Page 9

Jr., pleaded guilty to conspiracy to commit the murder in-aid-of racketeering of Scopo.  He is
awaiting sentencing.

With regard to Michael Persico, an individual who has profited from organized
crime for decades while evading prosecution, Russo provided crucial information that
resulted in Persico's plea of guilty and conviction for extortion conspiracy.  Russo was
prepared to testify about Persico's significant influence in the Colombo crime family and his
participation in crimes of violence.  For example, Russo identified Persico as the person to
whom he (Russo) and his (Russo's) closest criminal associate Francis Guerra both reported in
the 1990s when both Persico, Jr., and his father were in jail or awaiting sentencing while on
bail.  Russo also testified at the <u>Guerra</u> trial about Michael Persico's role in the Colombo
crime family war when Persico, among others, ordered Russo to aid in the effort to locate
and murder Joseph Scopo.  Russo also testified that Persico supplied the guns that he
(Russo), Guerra and others used in the murder of Joseph Scopo.  Persico is awaiting
sentencing.

Russo's cooperation was particularly integral to the prosecution and conviction
of Francis Guerra.  Significantly, in June 2012, the government proceeded to trial against
Guerra, who was charged with racketeering conspiracy, including predicate acts of murder
and murder conspiracy, extortion, and narcotics trafficking, as well as related non-
racketeering counts.  At trial, Russo testified about Guerra's and his joint involvement in
criminal activities over a 30-year period on behalf of the Colombo crime family.  Russo
testified about the structure of the Colombo crime family, its rules and method of induction,
and the responsibilities of criminals associated with the Colombo crime family.  Russo also
testified about Guerra's participation in the murders of Joseph Scopo and Michael Devine,
loansharking and prescription drug dealing, among other crimes.  Russo's testimony was
particularly compelling in light of the extremely close relationship that Russo had with
Guerra since the 1990s.  Based in part on Russo's testimony, in July 2012, the jury convicted
Guerra on six counts of the indictment, including narcotics trafficking and narcotics
trafficking conspiracy and wire fraud.  Although a jury acquitted Guerra of racketeering
conspiracy, on September 24, 2013, the Honorable Sandra L. Townes found that the
government had proven, by a preponderance of the evidence, that Guerra had participated in

Honorable Kiyo A. Matsumoto
October 4, 2013
Page 10

the Scopo murder, the Devine murder[2] and other crimes in connection with the Colombo
crime family, as Russo had testified in <u>Guerra</u>, and accordingly, sentenced Guerra to 168
months' imprisonment, the high-end of the advisory Guidelines range.  Significantly, Judge
Townes noted that she found Russo's testimony to be credible.

      C.      United States v. Joseph "Joe Fish" Marra
             <u>Criminal Docket No. 11-0635 (KAM)</u>

      Anthony Russo provided information implicating long-time Colombo crime
family associate Joseph "Joe Fish" Marra in a conspiracy to participate in the use of
extortionate means to collect and attempt to collect an extension of credit from an individual
identified in a criminal complaint and subsequent information charged against Marra as John
Doe.  The government first learned of the conspiracy from a consensual recording made by a
cooperating witness of a meeting with Colombo crime family soldier Joseph Savarese, who
detailed the plan to the cooperating witness and implicated Marra and Colombo crime family
captain and co-defendant Dennis Delucia.

      Upon cooperating, Russo admitted his participation in the conspiracy, which
participation was not previously known to the government; detailed Marra's, Savarese's and
Delucia's participation; and provided details that revealed that the conspiracy began many
years earlier than the government had initially known.  Russo's information was included in a
complaint against Marra in August 2011, a copy of which is enclosed as Exhibit B.

      Marra ultimately pleaded guilty to the charged extortion conspiracy and was
sentenced to 24 months' imprisonment.  Had Marra proceeded to trial, Russo would have
served as a valuable witness against him.

---

      [2]  At trial the government had adduced evidence that Devine was murdered because
he was dating the ex-wife of Colombo family acting boss Alphonse Persico.

Honorable Kiyo A. Matsumoto
October 4, 2013
Page 11

      D.     United States v. Carmine Persico
                Criminal Docket No. 11-0845 (SJ)

      Anthony Russo provided information implicating Colombo crime family associate Carmine Persico in the use of extortionate means to collect and attempt to collect an extension of credit from an individual affiliated with the Gambino organized crime family of La Cosa Nostra (hereinafter, "Gambino Individual #1"). Specifically, Carmine Persico arranged for Theodore Persico, Jr., to assist a criminal associate in obtaining payment of gambling winnings owed to the criminal associate, a degenerate gambler, by Gambino Individual #1. Theodore Persico, Jr., in turn recruited Russo to assist in the extortionate plan.

      In October 2011, Carmine Persico was charged in a criminal complaint that relied, in large part, on information provided by Anthony Russo. A copy of the amended criminal complaint against Carmine Persico is attached as Exhibit C. While Carmine Persico ultimately pleaded guilty in advance of trial, Anthony Russo was available to testify against Carmine Persico at a trial and would have provided valuable testimony. Carmine Persico was later sentenced to 16 months' imprisonment.

      E.     United States v. Joseph Petillo
                Criminal Docket No. 11-791 (FB)

      Anthony Russo also provided information implicating long-time Colombo crime family associate Joseph Petillo in a conspiracy to participate in the use of extortionate means to collect and attempt to collect an extension of credit in the amount of $100,000 from an individual identified in the complaint against Petillo as John Doe. Specifically, Petillo recruited Anthony Russo, who was then an acting captain in the Colombo crime family, to seek the assistance of Reynold Maragni, who was a captain in the Colombo crime family, to collect money owed by John Doe. The government initially learned of the plan after a cooperating witness made a consensual recording on November 29, 2010 of a meeting among the cooperating witness, Anthony Russo and Petillo.

      Upon his cooperating, Anthony Russo detailed Petillo's role in the Colombo crime family and Petillo's role (along with the roles of Russo and others) in the conspiracy. In October 2011, Petillo was charged in a criminal complaint that contained the information provided by Anthony Russo and excerpts of the November 29, 2010 consensual recording.

Honorable Kiyo A. Matsumoto
October 4, 2013
Page 12

A copy of the criminal complaint against Petillo is attached as Exhibit D.  While Petillo ultimately pleaded guilty in advance of trial, Anthony Russo was available to testify against Petillo at a trial and would have provided valuable testimony corroborating the consensual recording made by the cooperating witness.  Petillo was later sentenced to 15 months' imprisonment.

IV.    Conclusion

As described above, Anthony Russo has provided and continues to provide substantial assistance to the government.  Therefore, the government respectfully submits this letter in support of its motion pursuant to Section 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e), to permit the Court, in its discretion, to depart downward from the applicable Guidelines range and mandatory minimum sentence when sentencing Russo.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By:      /S
Elizabeth A. Geddes
Nicole M. Argentieri
Allon Lifshitz
Assistant U.S. Attorneys
(718) 254-6430/6232/6164

cc:    Alex Eisemann (by ECF)

Enclosures